IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY BAKER | : | CIVIL ACTION |
| | : | NO. 09-03731 |
| v. | : | |
| | : | |
| HOME DEPOT #4101, et al. | : | |

ONEILL, J.                                                                                           OCTOBER 29, 2009

## MEMORANDUM

Plaintiff filed a complaint in the Court of Common Pleas for Philadelphia County alleging six claims against eight different defendants including United Rentals, Inc., which removed the case to this Court in August 2009. Presently before me is plaintiff's motion to remand this case to the Court of Common Pleas and defendants' response in opposition thereto. For the following reasons, I will grant plaintiff's motion to remand.

## BACKGROUND

Plaintiff is a resident[1] of Orlando, Florida. Am. Compl. ¶ 1. On March 5, 2008, he was injured while working on a construction project at Home Depot store number 4101 located on Columbus Boulevard in Philadelphia, Pennsylvania. He filed suit in the Philadelphia County Court of Common Pleas on June 16, 2009, alleging six claims against United Rentals, Raimondo

---

[1] For the purposes of establishing diversity jurisdiction, the parties must ordinarily plead more than mere residence; they must plead citizenship. 28 U.S.C. § 1332(a)(1). The Court of Appeals has held that "[c]itizenship is synonymous with domicile." McCann v. Newmann Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." Id., internal quotations omitted. The notice of removal properly pleads that plaintiff "is a citizen and resident of Florida." Notice of Removal ¶ 6. As this allegation is undisputed, I consider plaintiff to be a citizen of Florida.

Construction Company and six other defendants.[2]  United Rentals is an Oregon corporation with its principal place of business in Connecticut.  Am. Compl. ¶ 9.  Raimondo is a Pennsylvania corporation with its principal place of business also in Pennsylvania.  Am. Compl. ¶ 5.  None of the other defendants are citizens of Florida.  United Rentals was served with plaintiff's complaint on June 25, 2009.  On August 17, 2009, United Rentals filed a notice of removal to this Court.  This Court's subject matter jurisdiction was premised on the diversity of the parties under 28 U.S.C. § 1332.  On September 11, 2009, twenty-five days after United Rentals filed its notice of removal, plaintiff moved to remand this case to the Court of Common Pleas.[3]  On September 25, 2009, defendant filed a brief in opposition to plaintiff's motion to remand.

## DISCUSSION

Plaintiff argues that defendant's notice of removal to this Court was not timely filed and therefore should be remanded to the Court of Common Pleas.[4]  28 U.S.C. § 1446(b) mandates that a notice of removal be filed within thirty days of the receipt by the defendants of a copy of the complaint.  Where a complaint is not initially removable but becomes removable at some time after service, the defendant then has thirty days after receipt of "a copy of an amended

---

[2] The six other defendants are: Home Depot store number 4101; Home Depot U.S.A., Inc.; Home Depot International, Inc.; Skyjack Equipment, Inc. (a United States corporation); Skyjack Equipment, Inc. (a Canadian corporation); and Linamar Corporation.

[3] Plaintiff's motion to remand was timely.  28 U.S.C. § 1447(c), providing 30 days to file motion to remand.

[4] Plaintiff also argues that: (1) the notice of removal failed to establish that all defendants consented to removal; and (2) that plaintiff should be awarded the costs associated with the filing of the present motion.  I need not address plaintiff's lack of consent argument because I find that the notice of removal was not timely filed, and I will deny plaintiff's motion for costs.

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

United Rentals makes three related arguments. First, it argues that the complaint was not removable at the time it was served because Raimondo's presence as a defendant eliminated complete diversity and therefore this Court did not have subject matter jurisdiction. Second, it suggests that it was first put on notice that this case was removable on August 13, 2009 when defendant Raimondo provided an affidavit certifying that it had been improperly named as a defendant. Finally, United Rentals argues that Raimondo was initially named as a defendant for the sole purpose of defeating this Court's diversity jurisdiction.

I disagree with all three propositions. Raimondo's presence, whether for fraudulent purposes or otherwise, does not in any way affect this Court's subject matter jurisdiction. The uncontradicted allegations in defendant's notice of removal is that plaintiff is a citizen of Florida. The only way to defeat diversity jurisdiction would be to join a Florida defendant. The parties agree that Raimondo was a Pennsylvania corporation with its principal place of business in Pennsylvania. Therefore, Raimondo's presence as a defendant is irrelevant to a analysis of this Court's diversity jurisdiction.

Contrary to United Rentals' argument, I find that the complaint was removable at the time it was served on United Rentals. The complaint alleged claims by a Florida plaintiff against eight defendants, none of whom were Florida citizens. Therefore, complete diversity existed and this Court had subject matter jurisdiction under 28 U.S.C. § 1332.[5] United Rentals had thirty

---

[5] There is no assertion that the amount in controversy did not exceed the amount of $75,000 exclusive of interests and costs. 28 U.S.C. § 1332.

days from the date it was served–June 25, 2009–to file its notice of removal.  Thus, July 25, 2009 was the last day United Rentals could file a notice of removal.  Because it did not file such notice until August 17, 2009, that notice was untimely.  Accordingly, I will grant plaintiff's motion to remand this case to the Pennsylvania Court of Common Pleas.

    An appropriate Order follows.